IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

ILKA EVANS,

    Plaintiff,

v.

AUTO-OWNERS INSURANCE COMPANY,

    Defendant.

_____/

**NOTICE OF REMOVAL OF ACTION
UNDER 28 U.S.C. §1441(b) (DIVERSITY)**

PLEASE TAKE NOTICE that Defendant, AUTO-OWNERS INSURANCE COMPANY, hereby removes the above-captioned action to the United States District Court for the Middle District of Florida, Orlando Division, from the Circuit Court of the Seventh Judicial Circuit in and for Volusia County, Florida, State Case No. 2022-10785-CIDL, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

**I. INTRODUCTION**

1.    This action arises out of a motor vehicle accident that occurred on May 27, 2021, in Volusia County, Florida involving Plaintiff, ILKA EVANS, and non-party vehicle driver, Shanellie Figueroa. A Complaint alleging damages and asserting a claim for uninsured motorist for alleged bodily injury, in excess of $30,000 for damages, was filed by Plaintiff against Defendant, AUTO-OWNERS INSURANCE COMPANY, in the Seventh Judicial Circuit in and for Volusia County, Florida, Case No. 2022-10785-CIDL. A copy of the Complaint is attached hereto as Exhibit "A".

2. Service of Process of a Summons, Service of Process Transmittal, Complaint for Damages, Case Management Order (standing), Civil Cover Sheet, Request to Produce, Request for Admissions, and Interrogatories was made upon Defendant on June 27, 2022. Copies of all papers served upon Defendant are attached hereto as composite Exhibit "B".

3. This Removal is being effected within thirty (30) days after service of the Complaint pursuant to 28 U.S.C. § 1446(b) and Exhibits "A" and "B", together with Exhibit "C", the Returned Summons Served and composite Exhibit "D", the Notice of Appearance and Answer filed by Defendant, include all process, pleadings, and orders served upon Defendants in this action and all documents filed in the Circuit Court in and for Volusia County, Florida. A copy of the docket for the state court action is attached hereto as Exhibit "F".

4. Plaintiff's Complaint alleges an action for breach of contract and asserts a claim for uninsured motorist benefits for bodily injury and damages resulting from an automobile accident allegedly caused by Shanellie Figueroa. Plaintiff's Complaint further alleges that Defendant issued an automobile insurance policy and that Plaintiff's claim for uninsured motorist benefits are made pursuant to said policy.

5. As evidenced by the disclosure of insurance (Exhibit "A" to Plaintiff's Complaint), Plaintiff's Complaint and Defendant's Answer, the subject automobile insurance policy provides non-stacked uninsured motorist coverage in the amount of $300,000 each person/$300,000 each accident.

6. Prior to filing suit, Plaintiff made a demand for settlement on April 22, 2022, in the amount of $300,000, the full policy limit under the uninsured/underinsured motorist coverage. A copy of Plaintiff's demand letter (without attachments thereto) is attached here to as Exhibit "E".

7. As evidenced by numbered paragraph 2 of Plaintiff's Complaint, at all times material hereto, Plaintiff was and is domiciled in the state of Florida.

8. As evidenced by numbered paragraph 3 of Defendant's Answer, Defendant admits that at all times material hereto, Defendant was a foreign corporation with its principal place of business in Lansing, Michigan, authorized to do and doing business in Volusia County, Florida. Copies of the 2021 and 2022 Foreign Profit Corporation Annual Reports, which establish Defendant's principal place of business in Michigan and filed with the Florida Secretary of State by Defendant are attached hereto as composite Exhibit "G".

9. As Plaintiff and Defendant are citizens of different states, complete diversity exists between Plaintiff and Defendant.

10. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332(a) and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states.

## II. BASIS FOR REMOVAL

11. This court has original jurisdiction over this action pursuant to 28 U.S.C. §1332(a), as this amount in controversy of $300,000.00 exceeds the jurisdictional threshold amount of $75,000.00. The district courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states 28 U.S.C. §1332(a)(1).

12. Paragraph 13 of Plaintiff's Complaint alleges that as result of the negligence of non-party, Shanellie Figueroa, Plaintiff "suffered bodily injury including a permanent injury to the body as a whole, pain and suffering, disability, physical impairment, disfigurement, inconvenience, loss of capacity for the enjoyment of life, activation and/or aggravation of an

existing condition, expense of hospitalization, mediation and nursing care and treatment, loss of earnings, loss of ability to earn money and loss of ability to lead and enjoy a normal life." Plaintiff also asserts that "the losses are either permanent or continuing and Plaintiff will suffer the losses in the future." As evidenced by paragraph 5 of the Complaint, venue is proper in Volusia County, Florida because the subject motor vehicle accident occurred there.

13. While the Complaint does not specify an amount sought, the Plaintiff's demand letter dated April 22, 2022, demands the sum of $300,000.00 to settle Plaintiff's claim. Plaintiff's demand is, in part, purportedly based upon economic and non-economic damages. The economic damages are purportedly based on past medical bills provided by Plaintiff's counsel with the demand letter, which, included medical bills totaling: $120,750.00 from Surgery Center of Viera and $3,078.00 to SimonMed. Plaintiff's pre-suit demands and Complaint show by a preponderance of the evidence that the Plaintiff is seeking an amount in controversy that exceeds $75,000.00. *See also Baltazar v. Balboa Ins. Co.*, 8:10-CV-2932-T-33MAP, 2011 WL 2020218 (M.D. Fla. May 24, 2011) ("Where the insured seeks to recover to the fullest extent of coverage, the court can determine the amount in controversy by reference to the face of the policy.").

14. As Plaintiff and Defendant are citizens of different states, complete diversity exists. "To invoke removal jurisdiction on the basis of diversity, a notice of removal must distinctly and affirmatively allege each party's citizenship; the allegations must show that the citizenship of each plaintiff is different from that of each defendant." *Lamm v. Bekins Van Lines Co.*, 139 F. Supp. 2d 1300, 1314 (M.D. Ala. 2001), *citing McGovern v. SELECT Airlines, Inc.,* 511 F.2d 653, 654 (5th Cir.1975) (per curiam). *See also, Carpenter v. Illinois Cent. Gulf R. Co.,* 524 F.Supp. 249, 252 (M.D. La. 1981) (holding that an insurer does not assume citizenship of its insured for purposes of determining existence of diversity jurisdiction in actions to recover uninsured motorist benefits).

15.     Based on the foregoing, complete diversity of citizenship between Plaintiff and Defendant exists and the amount in controversy exceeds the requisite jurisdictional amount. Removal is therefore proper under the referenced statutes.

16.     Pursuant to 28 U.S.C. § 1446(d), Defendant is providing written notice of Defendant's Notice of Removal to Plaintiff's counsel and is filing a copy of the foregoing Notice of Removal with the Clerk of the Court for the Seventh Judicial Circuit, in and for Volusia County, Florida.  A copy of said Notice is attached hereto as Exhibit "H" (without attachments).

## CERTIFICATE OF SERVICE

THE UNDERSIGNED CERTIFY that this document was filed through the Clerk of Court using CM/ECF on the date indicated below and that the following were selected for service of a true and correct copy of the foregoing through the CM/ECF: **Paola Ramos, Esquire,** Morgan and Morgan, P.A., 200 Broadway Avenue, Kissimmee, FL 34741 (Paolaramos@forthepeople.com; svandervelde@forthepeople.com; jasminerodriguez@forthepeople.com); this 26th day of July, 2022.

SMITH BIGMAN BROCK, P.A.

By: _____
JEFFREY E. BIGMAN
Florida Bar No.: 063347
BROOKE M. GAFFNEY
Florida Bar No.: 0111986
SAMANTHA L. SNYDER
Florida Bar No.: 1032575
ELIZABETH A. MYERS
Florida Bar No.: 0120495
Post Office Box 15200
Daytona Beach, Florida 32115
Telephone: (386) 254-6875
Emails: bgaffney@daytonalaw.com
eservice@daytonalaw.com
tduncan@daytonalaw.com

ATTORNEYS FOR DEFENDANT,
AUTO-OWNERS INS. CO.